UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHRISTIAN PRESIDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02582-JPH-TAB |
| | ) | |
| HARTZELL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Christian Presido, an inmate at Miami Correctional Facility, brings this action

pursuant to 42 U.S.C. § 1983 alleging that he was subjected to excessive force at Putnamville

Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this

Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the

defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of

the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. In determining whether the complaint states

a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive

dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Presido sues (1) Warden Hartzell; (2) Deputy Warden Phegly; (3) Officer Huyek; (4) Officer Newman; (5) Sergeant Barns; (6) Officer McKinney; (7) Sgt. Leek; (8) Officer Black; (9) Officer Poland; (10) Lt. Henry; and (11) Sgt. Alspaugh.

He alleges that on October 6, 2018, Officer Huyek called him a racial slur, threatened him, and placed him in restraints. Presido states that he attempted to get away from Officer Huyek because of the threat. Officers Poland, McKinney, Barns, Alspaugh, Black, and Leek reported to the scene. Officer Huyek ordered Officer Barns to tase Presido, and he did so. Presido states that when he "came to [his] senses" after being tased, he tried to explain to the officers what happened, but they refused to help him. Presido received a conduct report for the incident.

Presido goes on to allege that on November 1, 2018, Sgt. Newman reviewed the camera footage of the incident and told Presido that if he continued to write grievances and appeals on the subject, he would regret it. Presido then filed an appeal, but it was denied. He then wrote a request to Deputy Warden Phegly who simply told him to appeal. Warden Hartzell later denied Presido's appeal. Later, Major Crabb told Presido that Officer Huyek was fired because of the incident and that he should file another appeal. While Presido intended to file an appeal "down state," Warden Hartzell told him not to file it "down state" but to file an appeal to him. He contends that these events show an intent to "cover up" the event.

Presido asserts that all defendants were deliberately indifferent "to [his] situation…." He further alleges that he was subject to racial slurs and harassment and that his due process rights

were violated. For relief, he requests that criminal action be taken against the defendants. He also seeks monetary damages.

Based on the screening standard set forth above, Presido's claim that he was tased when he was in restraints **shall proceed** as an Eighth Amendment excessive force claim against Officers Huyek and Barns. Because Presido alleges that Poland, McKinney, Alspaugh, Black, and Leek were on the scene but does not allege that they participated in the tasing, the claim **shall proceed** against these defendants as a claim that they failed to intervene in the use of excessive force. Presido's claim that Huyek called him racial slurs before ordering his tasing **shall proceed** as a claim that Huyek discriminated against him based on his race in violation of the Fourteenth Amendment.

Any deliberate indifference claim against Hartzell, Phegly, or Newman is **dismissed** because "[i]ndividual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Presido does not allege that these defendants participated in the alleged use of force or were aware of use of force until after the fact. Similarly, any claim against Lt. Henry is **dismissed** because, while Henry is named in the caption, he is not named in the body of the complaint. Presido therefore has not alleged that any of these defendants participated in the alleged violation of his rights. Further, any discrimination claim against any defendant other than Huyek is **dismissed** because Presido does not specifically allege facts that would allow a conclusion that any defendant other than Huyek was motivated by racial bias.

Finally, any due process claim must be **dismissed**. In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court explained that due process protections—"will be generally limited to freedom from restraint which, . . . imposes atypical and significant hardships on the inmate in

relation to the ordinary incidents of prison life." *Id*. "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005). Presido alleges that he received a conduct report for the incident, but he does not allege what disciplinary action he received. He therefore has not alleged an "atypical and significant hardship" that triggers the due process clause.

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 21, 2021,** in which to identify those claims.

### III. Conclusion and Service of Process

The **clerk shall terminate** defendants Hartzell, Phegly, Newman, and Henry on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, Dkt. [1], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 5/20/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTIAN PRESIDO
249282
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810


Electronic Service to the Following Employees of the Indiana Department of Correction
All at Putnamville Correctional Facility

Huyek
Barns
Poland
McKinney
Alspaugh
Black
Leek