UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| CHRISTIAN PRESIDO, | | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | |
| v. | | ) | No. 1:20-cv-02582-JPH-TAB |
| | | ) | |
| NATHAN HUYCK, et al. | | ) | |
| | | ) | |
| | Defendants. | ) | |

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Christian Presido, an inmate of the Indiana Department of Correction ("IDOC"),

filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that he was subjected to excessive force at

Putnamville Correctional Facility ("PCF"). The defendants seek summary judgment arguing that

Mr. Presido failed to exhaust his available administrative remedies as required by the Prison

Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e, before filing this lawsuit.

For the following reasons, the defendants' motion for summary judgment is **GRANTED**.

**I. Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party must inform the Court "of the basis for

its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the

nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017).

## II. Facts

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). Here, Mr. Presido has not responded to the summary judgment motion, so the Court treats the defendants' supported factual assertions as uncontested. *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

At the time of the incident alleged in the complaint, PCF had a grievance process as required by IDOC policy. Dkt. 34-1 ¶ 5. Through the grievance process, inmates may grieve the conditions of their confinement, among other things. *Id.* ¶ 21; dkt. 34-2 at 3.

To exhaust the grievance process, an inmate must complete the following steps: (1) a formal attempt to solve a problem or concern following unsuccessful attempts at informal

resolution; (2) a written appeal to the Warden or his designee; and (3) a written appeal to the Department Grievance Manager. Dkt. 34-1 ¶¶ 10–11; dkt. 34-2 at 3.

A review of Mr. Presido's grievance records reveals that he did not file any formal grievances or appeals related to the claims in this case. Dkt. 34-1 ¶ 27; dkt. 34-3.

### III. Discussion

The defendants argue that Mr. Presido failed to exhaust his available administrative remedies because he did not file a grievance as required by the grievance policy.

#### A. Applicable Law

The PLRA requires that a prisoner exhaust his available administrative remedies before suing concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "[T]o exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendant's burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

#### B. Mr. Presido's Use of the Grievance Process

The defendants have shown that Mr. Presido did not file any grievances related to his claims in this case. Having failed to respond to the motion for summary judgment, Mr. Presido has failed to rebut this evidence. It is therefore undisputed that Mr. Presido failed to exhaust his available administrative remedies before he filed this lawsuit, and the defendants are entitled to

3

summary judgment. Mr. Presido's claims must be dismissed without prejudice. *Ford*, 362 F.3d at

401 (holding that "all dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

Because Mr. Presido failed to exhaust his available administrative remedies, the

defendants' motion for summary judgment, dkt. [34], is **granted**. Judgment dismissing this action

without prejudice shall now issue.

**SO ORDERED.**

Date: 12/20/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRISTIAN PRESIDO
249282
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Benjamin Charles Wade
INDIANA ATTORNEY GENERAL
ben.wade@atg.in.gov